# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |
|---|---|
| MARK UNTERREINER, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 4:20-cv-702 |
| DXC TECHNOLOGY SERVICES, LLC, ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant DXC Technology Services LLC ("DXC"), through undersigned counsel, files this Notice of Removal (the "Notice") of Case Number 2011-CC00371, which is now pending in the Circuit Court of the County of St. Charles, Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Federal Rule of Civil Procedure 81, and Local Rule 2.03. In support of the Notice, Defendant states as follows:

1. On or about April 27, 2020, Plaintiff Mark Unterreiner ("Plaintiff") filed a Petition in the Circuit Court of the County of St. Charles, Missouri, captioned *Mark Unterreiner v. DXC Technology Services, LLC*, Case No. 2011-CC00371. The complete Missouri state court file and docket sheet is attached as Exhibit A.

2. DXC was served with Plaintiff's Petition and Summons on April 30, 2020 through its registered agent, Corporate Creations Network, Inc. Ex. A, Affidavit of Service.

HB: 4849-6269-4331.2

**The Court Has Diversity Jurisdiction over this Lawsuit**

3. This Court has subject matter jurisdiction based on diversity of citizenship, since (1) there is complete diversity of citizenship between Plaintiff and Defendant DXC; and (2) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

5. At the time of the commencement of this action, Plaintiff was an individual residing in Missouri and is a citizen of Missouri for purposes of diversity jurisdiction. 28 U.S.C. § 1332 & 1441(b)(2); Ex. A, Pet., ¶ 2.

6. DXC Technology Services LLC is a limited liability company established under the laws of Delaware with its principal place of business in Tysons, Virginia.

7. The sole member of DXC Technology Services LLC is DXC Technology Company, a corporation established under the laws of Nevada, with its principal place of business in the State of Virginia.

8. DXC Technology Services LLC is the sole defendant. Therefore, no properly joined and served Defendant is a resident of Missouri, and complete diversity exists for purposes of removal.

9. The amount in controversy in diversity actions must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

10. Plaintiff asserts three claims of employment discrimination against DXC, which allege that DXC discriminated against Plaintiff on the basis of race, national origin, and age when it terminated Plaintiff's employment. Ex. A, Pet., ¶¶ 26-42.

11. Plaintiff's Petition does not provide a total amount of damages. "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party. . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

12. Plaintiff requests damages for "lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation[.]" Ex. A, Pet., at 6, 7, & 8.

13. At the time of his termination, Plaintiff made an annual base salary of $230,000. Plaintiff was terminated on October 19, 2018. Plaintiff's potential lost wages amount already exceeds $75,000. Indeed, even assuming a trial date as quick as a year after Plaintiff's Petition was served, Plaintiff's lost wages could exceed $575,000. *See Fenlon v. Burch*, No. 4:15-CV-00185 JCH, 2015 WL 928558, at *3 (E.D. Mo. Mar. 4, 2015) (stating that "based on authority and common sense, it is appropriate to factor into an amount-in-controversy calculation the amount of lost wages that will accrue through trial" and finding that an employment discrimination's plaintiff $90,000 annual salary demonstrated that the amount in controversy had been met).

14. Therefore, if successful on his claims, Plaintiff's potential lost wages damages exceeds the $75,000 required amount in controversy.

15. Moreover, Plaintiff also seeks damages for emotional distress, attorneys' fees, costs, and punitive damages. Ex. A, Pet., at 6, 7, & 8. These damage categories supports that the amount in controversy well exceeds $75,000. *See Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) ("[E]ven assuming that

Plaintiffs' actual damages are less than $75,000, [Plaintiffs'] demand for punitive damages, damages for emotional distress, and attorneys' fees would increase this amount. In a similar case, this court recently held that although estimated compensatory damages were only $35,000, the addition of damages for emotional distress, punitive damages, and attorneys' fees 'would allow a finder of fact to 'legally conclude' that the jurisdictional minimum has been met.'") (quoting *White v. United Parcel Serv.,* No. 4:11CV707 AGF, 2012 WL 760936, at *3 (E.D.Mo.2012)).

16. In sum, Plaintiff's claims for damages arising from lost wages and benefits, emotional distress, punitive damages, and attorneys' fees clearly satisfy the statutory amount in controversy of $75,000 for diversity jurisdiction. *See* 28 U.S.C. 1446(c).

17. This Court has original subject matter jurisdiction over this action based on 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### All Procedural Requirements for Removal are Met

18. The United States District Court for the Eastern District of Missouri is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441(a), which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. This District Court is the district embracing the Circuit Court of the County of St. Charles, Missouri, where Plaintiff's Complaint is pending.

19. Defendant DXC was served with a Summons and a copy of Plaintiff's Complaint on April 30, 2020. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Plaintiff's Petition, and all other process, pleadings, and orders served on Defendants are attached as Exhibit A.

HB: 4849-6269-4331.2

20. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days after Defendant DXC was served with a copy of the initial pleading.

21. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Circuit Court of the County of St. Charles, Missouri.  A copy of the notice to Plaintiff is filed contemporaneously with this Notice. A copy of the Notice to the State Court is attached as Exhibit B and will be filed in the state action contemporaneous to filing this Notice.

22. The Civil Cover Sheet is attached as Exhibit C to this Notice.

23. Defendant DXC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary relief (or that the damages he seeks may be properly sought).

24. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully removes this action now pending in the Circuit Court of the County of St. Charles, Missouri, to the United States District Court for the Eastern District of Missouri.

Dated: May 29, 2020

                                               *s/     Larissa M. Whittingham*
                                               Sonni Fort Nolan      Mo# 48636
                                               HUSCH BLACKWELL LLP
                                               190 Carondelet Plaza, Suite 600
                                               St. Louis, Missouri 63105
                                               Tel: 314-345-6176
                                               Fax: 314-480-1505
                                               sonni.nolan@huschblackwell.com

Larissa M. Whittingham Mo# 69417  
HUSCH BLACKWELL LLP  
901 St. Louis St., Suite 1800  
Springfield, MO 65806  
Tel:   417-268-4000  
Fax:  417-268-4040  
larissa.whittingham@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served this 29th day of May, 2020, via electronic and first class mail on:

Benjamin F. Westhoff  
2711 Clifton Avenue  
St. Louis, MO 63139  
bwestoff@sedeyharper.com  
*Attorney for Plaintiff*

                                        */s/ Larissa M. Whittingham*

HB: 4849-6269-4331.2