2011-CC00371

Electronically Filed - St Charles Circuit Div - April 27, 2020 - 12:11 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
ELEVENTH JUDICIAL CIRCUIT
STATE OF MISSOURI**

| | |
|---|---|
| MARK UNTERREINER, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>DXC TECHNOLOGY SERVICES LLC )<br>)<br>**Serve:** )<br>**Corporate Creations Network, Inc.** )<br>**12747 Olive Blvd., #300** )<br>**St. Louis, MO 63141** )<br>)<br>  Defendant. ) | Cause No. _____<br><br>Division No. _____<br><br><br>**JURY TRIAL REQUESTED** |

**PETITION**

COMES NOW Plaintiff Mark Unterreiner, by and through counsel, and for his cause of action against Defendant DXC Technology Services LLC, states as follows:

**NATURE OF THE CASE**

1. Plaintiff brings claims of discrimination on the basis of his age, national origin and race against his former employer, Defendant DXC Technology Services LLC ("DXC" or "Defendant"), in violation of the Missouri Human Rights Act, Section 213.0l0 et seq., RSMo 1986, as amended ("MHRA").

**PARTIES AND VENUE**

2. Plaintiff is a citizen of the State of Missouri, currently residing in St. Charles County. Plaintiff was employed by Defendant and its predecessor companies from August 1978 to October 19, 2018. He is a Caucasian American whose year of birth is 1954, and, as a result, was and is a member of protected classes under the MHRA.

Exhibit A

1

3. Defendant DXC is a corporation registered to conduct business in Missouri. At all times relevant herein, DXC did in fact conduct business in Missouri.

4. Defendant DXC is an employer as defined by Mo. Rev. Stat. § 213.010(8) in that DXC, at all relevant times herein, employed six (6) or more employees in the State of Missouri.

5. DXC employed more than five hundred employees in each of twenty or more calendar weeks in the current or preceding calendar year.

6. This claim arose in the County of St. Charles, Missouri, where Defendant conducted business at all times relevant herein, employed Plaintiff to transact business on its behalf, and discharged Plaintiff.

## FACTS COMMON TO ALL COUNTS

7. During his long tenure of employment at DXC and its predecessor companies, Plaintiff performed successfully in various positions in account management. He consistently received positive performance evaluations, bonuses in recognition of his contributions, and raises.

8. In October 2017, DXC promoted Plaintiff into the position of Account General Manager, where his job primarily entailed servicing the Microsoft account. Plaintiff began working at the Account General Manager position in November 2017.

9. On or about April 2, 2018, DXC reorganized and implemented a new sales account model for fiscal year 2019. Plaintiff began reporting to the Vice-President over the Technology Segment, Sid Nair, an Indian man who was in approximately his late 40's.

10. After a few months, DXC assigned Plaintiff to a new manager, an Indian man named Sameer Ranabhor, who was in approximately his early 50's. Mr. Ranabhor reported to Mr. Nair.

2

11. DXC directed Plaintiff to put into place a new sales team after the reorganization. Mr. Nair hand-picked the individual who would serve as Plaintiff's deputy on the sales team – Client Partner Somil Kumar, an Indian man who was in approximately his 40's.

12. The other sales employees on Plaintiff's team were Indian.

13. DXC's fiscal year runs from April 1 to March 31 each calendar year.

14. Plaintiff's new role deemphasized delivery, which was Plaintiff's primary focus in his previous account management positions, and focused instead on sales management.  Since his sales team was newly assembled and starting from scratch, Mr. Nair explained to Plaintiff when he started in the Account General Manager position that DXC would give him time to meets sales goals.

15. In July 2018, Mr. Ranabhor gave Plaintiff a performance evaluation in which he rated Plaintiff's overall performance as "meets most expectations."  At the time, Plaintiff had achieved 96% of targeted revenue goals and 102% of targeted profit goals.

16. By October 2018, Plaintiff had achieved 107% of targeted revenue goals and 97% of targeted profit goals.  He also had achieved a high customer satisfaction score.  He had two major sales deals in his pipeline that he was actively working on closing before the end of DXC's fiscal year.  Those sales would have increased his overall sales numbers to meet all of his sales goals.

17. When new sales employees start at DXC, the company generally allowed the employee at least two quarters of development before taking adverse action, usually in the form of a performance improvement plan, as a result of the employee failing to meet sales goals.

18. Rather than giving Plaintiff an opportunity to meet all of his sales goals through the end of the fiscal year, Mr. Ranhabor fired Plaintiff summarily on October 19, 2018.

19. DXC never wrote Plaintiff up, warned him that his performance was so deficient that he could be immediately fired, or placed him on a performance plan before firing him.

20. Upon information and belief, younger, Indian employees in sales and account management roles failed to meet DXC's goals yet the company did not fire them. Examples of DXC's practice of retaining younger Indian employees who failed to meet sales or productivity goals include the following:

   a. Somil Kumar failed to meet the company's sales goals, but instead of firing or disciplining him, DXC promoted him;

   b. Mr. Ranabhor failed to meet sales goals, yet DXC retained him;

   c. Shell Sharma, an Indian man who was in his early 40's approximately, failed to meet DXC's goals in his role as General Manager over the Telecom sector, yet DXC did not fire him;

   d. Sumit Bhatia, an Indian man who was in his early 40's approximately, failed to meet DXC's goals in his role as General Manager over the Media & Entertainment sector, yet DXC retained him;

   e. Santhana Sankaramurthy, an Indian man who was in his 40's approximately, failed to meet goals in his role as Digital General Manager, yet DXC retained him; and

   f. Sunil Pandita, an Indian man who was in his early 40's approximately whom DSC promoted into the position of Account General Manager for the critical HPE account, failed to meet the company's goals yet DXC retained him.

4

21. Numerous business segments failed to meet DXC's sales goals by the third quarter of fiscal year 2019, including Telecom, Media & Entertainment, and HPI.

22. Nonetheless, upon information and belief, Plaintiff was the only manager selected for discharge in October 2018.

23. After his discharge, DXC replaced Plaintiff with Somil Kumar.

24. In addition, upon information and belief, DXC management has engaged in an initiative to create a younger workforce by discharging older workers and replacing them with younger employees, usually of Indian descent.

25. Plaintiff filed a timely charge of discrimination with the Missouri Commission of Human Rights ("MCHR") on April 1, 2019.  On February 4, 2020, the MCHR issued Plaintiff a Notice of Right to Sue.  Plaintiff filed this action within 90 days of the date of MCHR's Notice of Right to Sue, and within two (2) years of the last act of discrimination alleged herein.

### COUNT I – DISCRIMINATION BASED ON PLAINTIFF'S RACE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

26. Defendant's termination of Plaintiff's employment on October 19, 2018 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's race was a motivating factor in Defendant's decision to discharge him.

27. As a result of Defendant's discrimination on the basis of Plaintiff's race, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

28. As a result of Defendant's discrimination on the basis of Plaintiff's race, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

29. As a result of Defendant's discrimination on the basis of Plaintiff's race, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

30. The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment. Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

**COUNT II – DISCRIMINATION BASED ON PLAINTIFF'S NATIONAL ORIGIN IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

31. Plaintiff re-asserts and re-alleges the allegations set forth above in paragraphs 1 through 30.

32. Defendant's termination of Plaintiff's employment on October 19, 2018 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's national origin was a motivating factor in Defendant's decision to discharge him.

33. As a result of Defendant's discrimination on the basis of Plaintiff's national origin, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

34. As a result of Defendant's discrimination on the basis of Plaintiff's national origin, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

35. As a result of Defendant's discrimination on the basis of Plaintiff's national origin, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

36.     The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment.  Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

**COUNT III – DISCRIMINATION BASED ON PLAINTIFF'S AGE IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

37.     Plaintiff re-asserts and re-alleges the allegations set forth above in paragraphs 1 through 36.

38.     Defendant's termination of Plaintiff's employment on October 19, 2018 violated Mo. Rev. Stat. § 213.055.1(1)(a) in that Plaintiff's age was a motivating factor in Defendant's decision to discharge him.

39.     As a result of Defendant's discrimination on the basis of Plaintiff's age, as alleged herein, Plaintiff has suffered lost wages and benefits of employment.

40.      As a result of Defendant's discrimination on the basis of Plaintiff's age, as alleged herein, Plaintiff has suffered emotional distress and mental anguish.

41.     As a result of Defendant's discrimination on the basis of Plaintiff's age, as alleged herein, Plaintiff has incurred attorneys' fees and costs of litigation.

42. The conduct of the Defendant was outrageous because of the Defendant's evil motive or reckless disregard for Plaintiff's rights under Missouri law to not be discriminated against with respect to the terms, conditions, and privileges of employment. Such conduct warrants an award of punitive damages to punish Defendant and deter it from engaging in further acts of discrimination.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, enter its Order and Judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial for Plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon, for front pay or reinstatement, and for compensatory damages, including damages for emotional distress, for punitive damages, for attorneys' fees and costs of litigation, and for such other relief as is just and proper.

    Respectfully Submitted,

    SEDEY HARPER WESTHOFF, P.C.
    Attorneys for Plaintiff

    */s/ Benjamin F. Westhoff*

    Benjamin F. Westhoff, #53047
    2711 Clifton Avenue
    St. Louis, MO 63139
    314/773-3566
    314/773-3615 (fax)
    bwesthoff@sedeyharper.com

## Circuit Civil/Family Court Party Information Sheet

**INSTRUCTIONS:** AS PER LOCAL COURT RULE 4.2 "APPROPRIATE" PARTY INFORMATION SHEET REQUIRED.

✓ You **must** provide the following information about yourself and the other party.
✓ Type or neatly print in black ink.
✓ **Fill in the two-letter Case Type code from the back of this sheet here:** TJ

Filing Date: 04/27/2020

Title of Case: MARK UNTERREINER v DXC TECHNOLOGY SERVICES LLC

**PARTIES** (attach a separate sheet to include additional parties)

### Initiating Party
- Party Type: Plaintiff (i.e. Plaintiff, Petitioner, Applicant, etc.)
- Last Name: Unterreiner
- First Name: Mark
- Middle Name:
- Address: 4376 Westhampton Place Court
- City: St. Charles
- State: Missouri
- Zip: 63304
- DOB: 1/28/1954
- SSN: 500600803 *required*

### Responding Party
- Party Type: Defendant (i.e. Defendant, Respondent, etc.)
- Last Name: DXC TECHNOLOGY SERVICES L
- First Name:
- Middle Name:
- Address: 1209 Orange St.
- City: Wilmington
- State: Delaware
- Zip: 19801
- DOB:
- SSN: *required*

### Additional Party
- Party Type: (i.e. Co-Defendant, Co-Respondent, etc.)
- Last Name:
- First Name:
- Middle Name:
- Address:
- City:
- State: Alabama
- Zip:
- DOB:
- SSN: *required*

Submitted by: Benjamin Westhoff
Bar ID: 53047
Phone: 314-773-3566
Party Representing: Plaintiff

**NOTE:** Place the filing information sheets in a secure filing location, separate from the case file and the documents should be considered confidential. (ST. CHARLES 2005 FORM)



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 2011-CC00371 |
| Plaintiff/Petitioner:<br>MARK UNTERREINER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN FREDERICK WESTHOFF<br>SEDEY HARPER WESTHOFF PC<br>2711 CLIFTON AVE<br>SAINT LOUIS, MO  63139 |
| Defendant/Respondent:<br>DXC TECHNOLOGY SERVICES LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** DXC TECHNOLOGY SERVICES LLC
**Alias:**

1209 ORANGE ST.
WILMINGTON, DE  19801

SERVE: CORPORATE CREATIONS
NETWORK, INC
12747 OLIVE BLVD, #300
ST. LOUIS, MO 63141

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/27/2020_____              _____/S/  Cheryl Crowder_____
                Date                                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
        Printed Name of Sheriff or Server                                                  Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____     _____
                                                              Date                                                              Notary Public

**Sheriff's Fees, if applicable**
Summons                  $_____
Non Est                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $_____10.00_____
Mileage                       $_____ (_____ miles @ $._____ per mile)
**Total**                       $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI**

| Judge or Division: | Case Number: 2011-CC00371 |
|---|---|
| Plaintiff:<br><br>MARK UNTERREINER | Defendant:<br><br>DXC TECHNOLOGY SERVICES LLC<br><br><br><br>(Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now _____MARK UNTERREINER_____, pursuant to Local Court Rule 4.2.1 and at his/her/its own risk, requests the appointment of:

__WILLIAM STAGE_____PO BOX 4932, ST. LOUIS, MO  63108____314-420-2226__
Name of Process Server              Address                              Telephone

_____
Name of Process Server              Address                              Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
__CORPORATE CREATIONS NETWORK__
Name

__12747 OLIVE BLVD., #300__
Address

__ST. LOUIS, MO  63141__
City/State/Zip

**SERVE:**
_____
Name

_____
Address

_____
City/State/Zip

**Appointed as requested:**

**Cheryl Crowder,**

**Circuit Clerk**

By _____   Date _____
            Deputy Clerk

CIV030

CIV030



# IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI

| Judge or Division: | Case Number: 2011-CC00371 |
|---|---|
| Plaintiff:<br>MARK UNTERREINER | Defendant:<br>DXC TECHNOLOGY SERVICES LLC |
| | (Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now ___MARK UNTERREINER___, pursuant to Local Court Rule 4.2.1 and at his/her/its own risk, requests the appointment of:

___WILLIAM STAGE___   ___PO BOX 4932, ST. LOUIS, MO 63108___   ___314-420-2226___
Name of Process Server       Address       Telephone

_____   _____   _____
Name of Process Server       Address       Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE: DXC TECHNOLOGY SERVICES, LLC           SERVE:
       c/o: CORPORATE CREATIONS NETWORK

Name                                           Name
12747 OLIVE BLVD., #300

Address                                        Address
ST. LOUIS, MO 63141

City/State/Zip                                 City/State/Zip

ALL RISKS TO PLAINTIFF
SO APPOINTED:
DATE: 4/27/2020

**Appointed as requested:**
Cheryl Crowder,
Circuit Clerk

By: Danielle Hebold
CHERYL  CIRCUIT CLERK
CROWDER

By _____         Date _____
        Deputy Clerk

CIV030

2011-CC00371 - MARK UNTERREINER V DXC TECHNOLOGY SERVICES LLC
(E-CASE)Linda Markey to: circuit11.closedfiles@courts.mo.gov 04/28/2020 10:13 AM
From: Linda Markey <LPM@kullmanlaw.com>
To: "circuit11.closedfiles@courts.mo.gov" <circuit11.closedfiles@courts.mo.gov>
History:This message has been replied to.

We would like to request a non-certified copy of the summons and petition filed in the above-subject matter. Please be assured that we will honor any fees associated with request.

Thank you,
Linda

LINDA P. MARKEY
LEGAL ASSISTANT TO SAM ZURIK, III
**THE KULLMAN FIRM**
*A Professional Law Corporation*
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
T: 504-524-4162 | D: 504-596-4140 | F: 504-596-4114
LPM@kullmanlaw.com | www.KullmanLaw.com

*Area of Practice. One Focus. Labor and Employment Law. Representing Employers for 73 Years.*

ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, distribution, disclosure or dissemination of this communication other than by the addressee is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 2011-CC00371 |
|---|---|
| Plaintiff/Petitioner:<br>MARK UNTERREINER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN FREDERICK WESTHOFF<br>SEDEY HARPER WESTHOFF PC<br>2711 CLIFTON AVE<br>SAINT LOUIS, MO 63139 |
| Defendant/Respondent:<br>DXC TECHNOLOGY SERVICES LLC<br>Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301<br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  DXC TECHNOLOGY SERVICES LLC
                          Alias:

1209 ORANGE ST.
WILMINGTON, DE 19801

SERVE: CORPORATE CREATIONS
NETWORK, INC
12747 OLIVE BLVD, #300
ST. LOUIS, MO 63141

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/27/2020_____     _____/S/ Cheryl Crowder_____
          Date                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
   _MELLISSA LEWIS_ (name) _DESIGNEE_ (title).
☐ other: _____.
Served at _12747 OLIVE BLVD #300 ST LOUIS MO 63141_ (address)
in _ST LOUIS_ (County/City of St. Louis), MO, on _4-30-20_ (date) at _1030 A/M_.

_WM. L. STAGE JR._                   _Wm. Page Jr._ (signature)
_SPECIAL PROCESS SERVER_
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____   _____
                              Date                 Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

AFFIDAVIT OF SERVICE

Comes now William L. Stage Jr., Special Process Server, first being duly sworn, deposes and states that I am over 18 years old and a non-party to the herein action. I further state that:

**In Re: case no. / cause no.**  2011-CC00371  Missouri Circuit Court  - St. Charles County
Mark Unterreiner      v      DXC Technology Services LLC

**On Thursday the 30th day of April, 2020 at 10:30 AM**

I did serve a   **Summons with Petition**

directed to   **DXC Technology Services LLC c/o Registered Agent**

at the location of:      Corporate Creations Network Inc.
12747 Olive Blvd.  Suite 300
St. Louis, Missouri  63141

**By the following means**: Personal Service / Hand Delivery to Mellissa Lewis, Office Manager / Designee with Corporate Creations Network Inc. - Registered Agent for DXC Technology Services LLC

**All done in**  St. Louis County, Missouri

William L. Stage Jr.
Special Process Server No. 197 - Missouri Circuit Court, 22nd Judicial Circuit
P.O. Box 4932  St. Louis, MO 63108   314.420.2226

Subscribed and sworn to [or affirmed] before me this ___ day of _____May_____, 2020.

_____
Notary Public

MARY E. GARDNER-STAGE
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 11, 2023
Commission Number: 15993117

# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess  Logoff JULIA_FARRELL

## 2011-CC00371 - MARK UNTERREINER V DXC TECHNOLOGY SERVICES LLC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ○ Descending  ● Ascending

Display Options: All Entries

---

**04/27/2020**  Judge Assigned

**Pet Filed in Circuit Ct**
PETITION; Party Info Sheet.
**On Behalf Of:** MARK UNTERREINER

**Filing Info Sheet eFiling**
**Filed By:** BENJAMIN FREDERICK WESTHOFF

**Confid Filing Info Sheet Filed**
**Filed By:** BENJAMIN FREDERICK WESTHOFF

**Summons Issued-Circuit**
Document ID: 20-SMCC-718, for DXC TECHNOLOGY SERVICES LLC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPP

**Motion Special Process Server**
Request for Special Process Server.
**Filed By:** BENJAMIN FREDERICK WESTHOFF
**On Behalf Of:** MARK UNTERREINER
**Associated Entries:** 04/27/2020 - Order - Special Process Server

**Order - Special Process Server**
WILLIAM STAGE APPOINTED SPECIAL PROCESS SERVER, FILED. DH
**Associated Entries:** 04/27/2020 - Motion Special Process Server

**04/28/2020**  **Request for Records Filed**
COPIES EMAILED TO THE KULLMAN LAW FIRM. MG

**05/04/2020**  Notice of Service
Summons Returned Served upon Mellissa Lewis Designee for DXC Technology Services LLC.
**Filed By:** BENJAMIN FREDERICK WESTHOFF
**On Behalf Of:** MARK UNTERREINER

**Agent Served**
Document ID - 20-SMCC-718; Served To - DXC TECHNOLOGY SERVICES LLC; Server - ; Served Date - 30-APR-20; Served Time - 10:30:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED MELLISSA LEWIS, DESIGNEE.

---